IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JASON G. MALLERY,
      Plaintiff,

vs.                            Case No. 3:12cv126/MCR/CJK

BRYAN D. MCLEOD, et al.,
      Defendants.

---

## REPORT AND RECOMMENDATION

This cause is before the Court upon plaintiff's *pro se* civil rights complaint filed under 42 U.S.C. § 1983.  (Doc. 1).  The Court has reviewed the complaint and concludes that this case should be dismissed because plaintiff has not stated and cannot state a plausible § 1983 claim against the defendants.

BACKGROUND AND PROCEDURAL HISTORY

Plaintiff is a pretrial detainee confined at the Santa Rosa County Jail awaiting trial on drug charges in three separate cases pending before the Circuit Court for Santa Rosa County, Florida.  (Doc. 1, Statement of Facts pp. 1-7).  Plaintiff's complaint names three defendants:  Bryan D. McLeod, plaintiff's court-appointed counsel in the criminal proceeding(s); Michelle S. Janson, the Assistant State Attorney prosecuting plaintiff; and Jerry L. Nash, the Santa Rosa County Sheriff's Office Detective who arrested and charged plaintiff.  Plaintiff claims defendant

McCleod is depriving plaintiff of his constitutional rights by failing to provide adequate legal representation in plaintiff's criminal cases. (Doc. 1, Statement of Claims pp. 1-4, 8).    Plaintiff claims defendant Janson violated plaintiff's constitutional rights when she reported and failed to promptly correct errors in the "Prior Record" section of plaintiff's Sentencing Guideline Scoresheet, when Janson required plaintiff's former girlfriend to "testify truthfully concerning the involvement of any co-defendant [i.e., plaintiff]" as part of the girlfriend's plea agreement with the State, and when Janson charged plaintiff in three separate cases for offense conduct that was all "directly related." (*Id*., pp. 2, 5-7).   Plaintiff claims defendant Nash violated the Due Process Clause when Nash caused plaintiff to be arrested, on different dates and pursuant to different arrest reports, on three separate charges that were all "directly related." (*Id*., pp. 5-6).   Plaintiff argues that Nash's conduct improperly enables Prosecutor Janson "to get a 3-for-1 conviction." (*Id*., p. 6).   Plaintiff further complains that Nash did not promptly arrest plaintiff on one of the charges and that Nash "purposely withholds arrests so that he can keep building up additional charges before he arrests someone." (*Id*.).   Plaintiff's final complaint is that Detective Nash did not arrest plaintiff's former girlfriend on additional charges even though she participated in the offense conduct, because she entered a plea agreement on the first charge and assisted law enforcement and the State with prosecuting plaintiff on additional charges. (*Id*.).   As relief, plaintiff seeks injunctive relief (that plaintiff's charges be dismissed or, in the alternative, that the State be required to offer plaintiff his proposed plea bargain to dispose of all charges; that plaintiff be granted bond, that this Court assign substitute counsel, that this Court assign plaintiff a different state court judge and prosecutor, etc.). (Doc. 1, Relief

Requested).  Plaintiff also seeks damages (that defendants pay the cost of plaintiff hiring counsel of his choice, that defendants pay plaintiff's bond, and that defendants pay plaintiff $200 per day for each day plaintiff has been incarcerated to compensate plaintiff for the loss of his personal property and educational grants).  (*Id.*).

DISCUSSION

Plaintiff is proceeding *in forma pauperis* under 28 U.S.C. § 1915.  (*See* Doc. 4).  Section 1915 requires the Court to dismiss this case if satisfied that the action is "(i) frivolous or malicious;  (ii) fails to state a claim on which relief may be granted;  or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).  The Court must read plaintiff's *pro se* allegations in a liberal fashion.  *Haines v. Kerner*, 404 U.S. 519, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972).  Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6).  *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997).  The Court accepts all factual allegations in the complaint as true and evaluates all reasonable inferences derived from those facts in the light most favorable to the plaintiff.  *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994).  The complaint may be dismissed if the facts as pleaded do not state a claim to relief that is plausible on its face.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (retiring the negatively-glossed "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim).  A complaint is also subject to dismissal for failure to state a claim when its allegations, on their face, show that an affirmative defense bars recovery on the claim.

*Marsh v. Butler Cnty., Ala.*, 268 F.3d 1014, 1022 (11th Cir. 2001); *see also Jones v. Bock*,  549 U.S. 199, 215, 127 S. Ct. 910, 920-21, 166 L. Ed. 2d 798 (2007) (reiterating that principle).

It is apparent from the face of plaintiff's complaint that the *Younger* abstention doctrine bars this Court from considering plaintiff's claims for injunctive relief.  The Supreme Court held in *Younger v. Harris*, 401 U.S. 37, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971), that federal courts must abstain from interfering with pending state criminal proceedings absent a showing of:  (1) evidence of bad faith prosecution, (2) irreparable injury if abstention is exercised by the federal court, or (3) the absence of an adequate alternative state forum where the constitutional issues can be raised.  *See Samuels v. Mackell*, 401 U.S. 66, 91 S. Ct. 764, 27 L. Ed. 2d 688 (1971); *Hughes v. Attorney Gen. of Fla.*, 377 F.3d 1258, 1263 (11th Cir. 2004) (*citing Younger*, 401 U.S. at 45, 53-54).  Plaintiff's allegations do not establish, or support an inference, that plaintiff's prosecution is motivated by bad faith.  *See Trainor v. Hernandez*, 431 U.S. 434, 447, 97 S. Ct. 1911, 1919, 52 L. Ed. 2d 486 (1977); *Carden v. Montana*, 626 F.2d 82, 84 (9th Cir. 1980) ("Only in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction . . . is federal injunctive relief against pending state prosecutions appropriate.").

Plaintiff further fails to show that the "irreparable injury" exception applies. *See Younger*, 401 U.S. at 53-54 (holding that irreparable injury exists if the statute under which a defendant is being prosecuted is "flagrantly and patently violative of express constitutional prohibitions in every clause, sentence and paragraph, and in whatever manner and against whomever an effort might be made to apply it" or if unusual circumstances exist that would call for equitable relief) (*citing Watson v.*

*Buck*, 313 U.S. 387, 402, 61 S. Ct. 962, 967, 85 L. Ed. 1416 (1941)); *Kugler v. Helfant*, 421 U.S. 117, 123-25, 95 S. Ct. 1524, 1530-31, 44 L. Ed. 2d 15 (1975) (holding that irreparable injury does not include injury which is incidental to every prosecution brought lawfully and in good faith) (*citing Younger*, 401 U.S. at 46).

Moreover, plaintiff has an adequate state forum in which to raise his claims. Plaintiff may raise his constitutional claims in his state criminal proceedings. Because it appears from the face of plaintiff's complaint that the *Younger* abstention doctrine bars this Court from interfering in plaintiff's state criminal proceeding, plaintiff's claims for injunctive relief should be dismissed.

Plaintiff's damages claims are subject to dismissal under *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994).  Plaintiff essentially asserts that he is being illegally confined by the State.  In *Heck*, the Supreme Court ruled that a state prisoner cannot bring a § 1983 damages action directly challenging his confinement until and unless the reason for his continued confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or otherwise called into question by a federal court's issuance of a writ of habeas corpus.  *Id.* at 486-87, 114 S. Ct. 2364.  Later, in *Edwards v. Balisok*, 520 U.S. 641, 117 S. Ct. 1584, 137 L. Ed. 2d 906 (1997), the Supreme Court extended *Heck* to bar § 1983 actions that do not directly challenge confinement, but instead challenge procedures which necessarily imply unlawful confinement.  *Id.* at 648, 117 S. Ct. 1584.  *Heck* applies to suits filed by pretrial detainees.  *Wiley v. City of Chicago*, 361 F.3d 994, 996 (7th Cir. 2004) (holding that *Heck* "applies not only to convicted persons but also to plaintiffs . . . who as yet only face prosecution."); *Smith v. Holtz*, 87 F.3d 108 (3d Cir. 1996) ("[A] claim that, if successful, would necessarily

imply the invalidity of a conviction on a pending criminal charge is not cognizable under § 1983."); *see also Cohen v. Clemens*, 321 F. App'x 739 (10th Cir. 2009) (dismissing, under *Heck*, alien detainee's claims arising out of pending immigration proceeding); *Josey v. Tex. Dep't of Pub. Safety*, 101 F. App'x 9 (5th Cir. 2004) (dismissing, under *Heck*, pretrial detainee's § 1983 suit claiming there was no probable cause for his arrest, he was not read his rights under *Miranda*, and he was being denied right to speedy trial, where resolving those claims in detainee's favor would undermine the validity of his potential conviction of driving while intoxicated); *Thomas v. Pugh*, 9 F. App'x 370, 371-72 (6th Cir. 2001) (dismissing, under *Heck*, pretrial detainee's § 1983 claims that he was denied his constitutional rights to a speedy indictment, speedy trial, due process and equal protection, and that there were numerous other alleged constitutional defects in his criminal proceeding); *Cole v. State of Fla.*, No. 3:10cv178/MCR/MD, 2010 WL 2711861 (N.D. Fla. July 6, 2010) (dismissing, under *Heck*, pretrial detainee's § 1983 claims of false imprisonment, slander and false arrest, where resolving those claims in detainee's favor would undermine the validity of detainee's potential conviction on pending criminal charges); *Newman v. Leon Cnty. Sheriff's Office*, No. 4:08cv474/SPM/WCS, 2009 WL 62652 (N.D. Fla. Jan. 7, 2009) (same, where pretrial detainee raised Fourth, Sixth and Fourteenth Amendment claims that undermined validity of detainee's potential conviction on pending criminal charges); *Williams v. Daniels*, No. 4:06cv434/WS/WCS, 2006 WL 3694646 (N.D. Fla. Dec. 12, 2006) (same, where pretrial detainee raised Sixth Amendment claim that he was being denied right to counsel in pending criminal prosecution).

Here, plaintiff's damages claims, if successful, would necessarily imply the invalidity of his potential convictions on the drug charges against him. Plaintiff's confinement has not been remedied by any of the procedures listed in *Heck*. Plaintiff's damages claims are not cognizable under § 1983, and should be dismissed.

Plaintiff's damages claims against Attorney McLeod may be dismissed on the alternative basis that McLeod was not acting under color of state law when he allegedly engaged in unconstitutional conduct. *See Parratt v. Taylor*, 451 U.S. 527, 535, 101 S. Ct. 1908, 1912, 68 L. Ed. 2d 420, 428 (1981), *overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986) (holding that one of the essential elements of a § 1983 claim is that the conduct complained of was committed by a person acting under color of state law); *Polk Cnty. v. Dodson*, 454 U.S. 312, 325, 102 S. Ct. 445, 453, 70 L. Ed. 2d 509 (1981) (holding that "a public defender [or appointed private counsel] does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."). Plaintiff's damages claims against Prosecutor Janson may be dismissed on the alternative basis of prosecutorial immunity. *Buckley v. Fitzsimmons*, 509 U.S. 259, 273, 113 S. Ct. 2606, 125 L. Ed. 2d 209 (1993) (holding that a prosecutor is absolutely immune from damages claims for allegedly unconstitutional actions performed within the scope of her role as a government advocate); *Rivera v. Leal*, 359 F.3d 1350, 1353 (11th Cir. 2004).

"Ordinarily, a party must be given at least one opportunity to amend before the district court dismisses the complaint." *Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1014 (11th Cir. 2005). However, "[a] district court need not . . . allow an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure

to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001). Amendment would be futile; therefore, the Court may dismiss this case without providing opportunity for amendment.

Accordingly, it is respectfully RECOMMENDED:

1. That this action be DISMISSED WITHOUT PREJUDICE under 28 U.S.C. § 1915(e)(2)(B)(ii), for plaintiff's failure to state a claim upon which relief may be granted.

2. That the Clerk be directed to close the file.

At Pensacola, Florida this 31st day of May, 2012.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy hereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings. *Se*e 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).